UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DON C. HUBBARD                                              CIVIL ACTION

VERSUS                                                      NO.  06-7899

STATE FARM FIRE AND CASUALTY COMPANY                       SECTION  "N"  (5)


## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiff, Don C. Hubbard ("Hubbard"). The removing defendant, State Farm Fire and Casualty Company ("State Farm") opposes remand.

Hubbard has filed suit against State Farm, claiming coverage for damages in the form of loss of rental income from certain property located in the Parish of Orleans, State of Louisiana. Hubbard's suit, originally filed in the Civil District Court for the Parish of Orleans, on August 25, 2006, was removed by State Farm on October 11, 2006.  State Farm asserted as grounds for removal

1

subject matter jurisdiction pursuant to diversity jurisdiction, 28 U.S.C. § 1332; and the Multi-Party,

Multi-Forum Trial Jurisdiction Act ("MMTJA")[1], 28 U.S.C. § 1369, and 28 U.S.C. § 1441.

The parties do not dispute that there exists diversity of citizenship between Hubbard and

State Farm.  Quite simply, the dispute as to diversity jurisdiction rests on the issue of the amount in

controversy.  The original Petition, filed in state court, contains no statement of damages.  See La.

C.C.P. Art. 893.  It also appears undisputed, based upon the materials filed with this Court, that State

Farm's Rental Dwelling policy at issue herein has limits of $114,400 for the dwelling, $11,440 for

its extension, and $5,720 for its contents.  Hubbard's Petition, while not stating a specific amount

in controversy, does indeed assert that he is owed the entire amount of his Rental Dwelling policy

under Louisiana's Value Policy Law, La. R.S. 22:695[2] in addition to statutory penalties and fees

pursuant to La. R.S. 22:1220 and 658.

---

[1]Because the Court finds diversity jurisdiction, it need not consider jurisdiction pursuant to the MMTJA.  That claim of federal jurisdiction, of course, has been routinely rejected on numerous occasions in the Eastern District of Louisiana:  *See Case, et al v. ANPAC La. Ins. Co.,* 466 F.Supp.2d 781 (E.D. La. 2006); *Case v. ANPAC La. Ins. Co.,* No. 06-7391, 2006 WL 3469550 (E.D. La. Nov. 30, 2006); *Bode v. State Farm Fire & Casualty Co.*, No. 06-3202 (E.D. La. Nov. 2, 2006); *Fidelity Homestead Assn. v. The Hanover Insurance Co.,* No. 06-3511 WL 2873562 (E.D. La. Oct. 8, 2006); *Berry v. Allstate Ins. Co.,* No. 06-4922 WL 2710588 (E.D. La. Sept. 19, 2006); *So. Athletic Club, LLC v. Hanover Ins. Co.,* No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006); *Southall v. St. Paul Travelers Ins. Co.,* No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.,* No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006); *Brenckle v. Lovecchio Ins. Agency, Inc.,* 2007 WL 1655674 (E.D. La. June 4, 2007), among others.

[2]*See* original Petition, ¶¶ 28 - 32.  ¶ 32 asserts that State Farm "is liable to Plaintiff for the *policy limits,* attorney's fees, penalties, costs, and interest from the date of judicial demand."

In the Memorandum in Support of his Motion to Remand, Hubbard makes no assertion that the amount in controversy is less than $75,000, but simply states that "Defendant cannot meet its burden for removal based upon diversity jurisdiction."   The Court disagrees, based upon the aforementioned provisions of the original Petition.   Moreover, to the extent the Petition could be considered ambiguous (though ¶ 32 seems clear), Plaintiff could have clarified the "amount in controversy" issue by filing the appropriate stipulation and waiver.[3]   Though arguing the point, Plaintiff has provided no clarity as to the amount he seeks in damages, and thus the Court must rely solely upon the information contained in the record, which indeed suggests that the amount in controversy is over the jurisdictional threshold.

Because the Court finds diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, it need not address other jurisdictional arguments offered.

For the foregoing reasons, the Motion to Remand filed herein by Plaintiff is **DENIED**.

New Orleans, Louisiana, this   16th  day of July, 2007.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[3]Plaintiffs may file a post-removal irrevocable stipulation to clarify the ambiguity in plaintiff's petition as to the extent of total damages they seek.  *O'Neil v. Fidelity and Deposit Co. of Maryland*, No. 06-9995, 2007 WL 701162, at *1 (E.D.La. Mar. 2, 2007) (Africk, J.); *Onstott v. Allstate Ins. Co.*, No. 06-3297, 2006 WL 2710561, at *3 (E.D.La. Sept. 20, 2006) (Vance, J.).  The stipulation must affirmatively and knowingly renounce and waive entitlement to the right to accept or enforce a judgment in excess of $75,000. *See, e.g., Levith v. State Farm Fire and Cas. Co.*, 2006 WL 2947906, at *2 (E.D. La. Oct. 11, 2006) (Vance, J.); *see also Engstrom v. L-3 Communications  Gov't Svcs., Inc.*, 2004 WL 2984329, at *4 (E.D.La. 2004) (Engelhardt, J.).